O'CONNER v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Pleading: ORDER TO DIVIDE COUNT: SUBSTITUTE NOT IN COMPLIANCE STRICKEN OUT. Plaintiff, in one count, sued defendant for constructing side-tracks in front of his premises; for improperly using such tracks; for casting snow upon his premises; and for constructing drains and ditches, and depositing dead animals, in front of his premises. *Held* that the court properly ordered him to plead his separate causes of action in separate counts; and that, when he filed a substitute without attempting to comply with the order, the court properly sustained a motion to strike it from the files.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, OCTOBER 25, 1887.

THE plaintiff is the owner of a certain lot fronting on Vine street in the city of Des Moines. The defendant has constructed its road on said street, and is operating the same. This action is brought to recover damages alleged to have been sustained by the unauthorized construction of side-tracks ; also for the improper use of the side-tracks ; also for the conduct of the defendant in casting snow upon his premises ; also for the conduct of the defendant in constructing drains and ditches ; also for the conduct of the defendant in depositing dead animals in front of his premises. The several matters of complaint were embraced in one count or division of the petition. The defendant moved that the plaintiff be compelled to divide the count, setting up as ground therefor that it showed more than one cause of action. The court sustained the motion, and the plaintiff filed a substitute for the count, but did not attempt to comply with the order of the court to divide the count. The court, on motion, struck out the substitute. The plaintiff appeals both from the order to divide and from the order striking out.

*James Nugent* and *Whiting S. Clark*, for appellant.

*T. S. Wright*, for appellee.

ADAMS, C. J.—The original count set out separate acts of the defendant, upon each of which, upon the plaintiff's theory, he was entitled to recover, even if he failed to recover for the other acts. The acts were set out, therefore, as separate causes of action, and the court did not, we think, err in sustaining the motion to divide. This motion it was the duty of the court to enforce. When, therefore, the plaintiff filed a substitute, without attempting to comply with the order to divide, the court, we think, properly struck out the substitute. This was necessary by way of enforcement of its order to divide.

AFFIRMED.