110  607
d133  374

F. H. ALEXANDER, Appellant, v. HENRY STALEY.

**Defense of Title:** ACTION ON COVENANT: *Recovery of expenses.* The mortgagee in possession of premises conveyed to plaintiff with covenants of warranty. The mortgagor brought ejectment against plaintiff and sought to enjoin the action. The mortgagee had notice of, and was a witness in, both proceedings. The mortgagor was declared entitled to the land and plaintiff sued the mortgagee on his covenant of warranty. *Held,* there being a conflict as to whether plaintiff had knowledge of the nature of mortgagee's title at time of purchase, the mortgagee was liable for plaintiff's costs and attorney's fees in the injunction proceedings, if the jury settles such conflict in his favor. The question of recovering the expense of the forcible entry and detention suit is not decided.

**Disputed Title to Notes:** MOTION FOR JUDGMENT ON. It being disputed whether plaintiff's purpose in having received back certain notes on a third person, which he had given defendant as part of the price of land from which he was subsequently ejected, was to use

them in evidence, or whether it was to save himself from loss by repossessing the notes, plaintiff's motion in action for breach of covenant of warranty, for judgment for the amount of the notes· was properly overruled, since the jury might have found that he was holding them under claim of ownership.

**Evidence:**   HARMLESS ERROR.   Where a contract of sale recited the payment of $400.00, and defendant accepted notes on a third party to that amount, improper admission of defendant's evidence as to the value of the notes was made harmless by an instruction that, if defendant accepted them at the agreed price of $400 00· then plaintiff had paid that amount of the purchase price unless he had been deprived of their use and ownership by intentional acts of plaintiff.

CROSS-EXAMINATION.   In an action to recover for breach of covenants of warranty, where plaintiff had given in part payment the notes of a third person, and he received back such notes from defendant pending trial, and it was in dispute whether he had obtained them with the intent to retain them to save himself from loss thereon, or whether he intended merely to use them as evidence on a past trial of another suit, he could not be asked why he had not notified defendant, who was a witness at the former trial, to produce them, if he had not intended to retain them himself.

**Instructions and Evidence.**   It was error to instruct on a contention not supported by the evidence.

*Appeal from Hamilton District Court.*—HON. D. R. HIND-MAN, Judge.

THURSDAY FEBRUARY 8, 1900. ·

ACTION at law to recover damages for breach of the covenants of warranty in a deed.   Defendant admits the execution  of the deed to plaintiff, but says it was done to enable him (plaintiff) to collect a claim against one Hoon, who was the beneficial owner of the land; that he (defendant) received no consideration for the deed; and that plaintiff failed to comply with, and abandoned, his contract of purchase.   Some other issues were tendered that will be referred to in the body of the opinion.   The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and both parties appeal.   As plaintiff first perfected his appeal, he will be called the appellant.—*Reversed.*

*J. L. Kamrar* and *Wesley Martin* for appellant.

*Hyatt & Hyatt* for appellee.

DEEMER, J.—March 27, 1895, defendant, Staley, and his wife entered into a contract with plaintiff, whereby, for the consideration of three thousand four hundred and fifty dollars, they agreed to convey a certain tract of land in Hamilton county, the legal title to which was apparently in the name of defendant Staley. The contract recites the payment of four hundred dollars of the purchase price; and plaintiff was to pay the remainder by assuming an one thousand eight hundred dollars incumbrance on the land, and by paying not to exceed the sum of five hundred dollars on a note on which defendant was bound to the State Bank of Ellsworth,—three hundred and seventy-five dollars September 1, 1895, and three hundred and seventy-five dollars April 1, 1896. The contract further provides that defendant should pay all the incumbrances on the land save the one thousand eight hundred dollar mortgage, and that deed should be made on March 28, 1895. Pursuant to the contract, defendant delivered to plaintiff a warranty deed to the land, covenanting against all incumbrances save the one thousand eight hundred dollar mortgage. The four hundred dollars that defendant acknowledged the receipt of, consisted of a certificate of deposit for the sum of fifty-three dollars and eighty-one cents, issued by a private bank owned by plaintiff, which was delivered to defendant, and certain notes, amounting to the sum of three hundred and forty-six dollars and nineteen cents, upon one Hoon, who, it appears, was the beneficial owner of the land. Two of these notes were for one hundred dollars each, and one was for sixty dollars, and it is claimed that these notes were secured by mechanics' liens upon the property conveyed. Another note was for seventy-eight dollars. Plaintiff paid no more of the consideration expressed in the contract and deed, for the rea-

son that shortly after he took the conveyance, and when about to take possession of the land, Hoon, who was in possession when plaintiff purchased, commenced an action of forcible entry and detainer against the plaintiff, claiming that he was the owner of the land. Thereupon plaintiff sued out a writ of injunction against Hoon, and in the action in which the writ was secured it was afterwards determined that the conveyance under which defendant held title was intended as security, and was in fact a mortgage, and that Hoon, in fact, was the owner of the land. Thereupon plaintiff brought this action to recover back the amount paid by him under his contract of purchase, attorney's fees paid for conducting his injunction suit against Hoon, and the costs paid by him in the forcible entry and detainer case, which, it appears, was finally decided against him. Some other matters were claimed in the petition, but, as plaintiff places no reliance thereon, they need not be considered. Defendant brought the certificate of deposit into court, and tendered it to plaintiff, and he also pleaded in answer that Hoon's notes are, and always have been, the property of plaintiff, and denied some of the other allegations of the petition. The jury found a verdict for the plaintiff in the sum of sixty dollars and seventy cents, which was evidently the amount of the certificate of deposit, with interest to the date of trial, and disallowed all other claims. On the trial, it was shown that, before the trial of the injunction suit, plaintiff procured the Hoon notes from the defendant, and that they have never been returned. The purpose and object plaintiff had in obtaining the notes is a matter in dispute.

Error is assigned on the overruling of an objection to a question propounded by defendant's counsel to plaintiff on his cross-examination, as follows: "Now, why didn't you, when you subpœnaed Mr. Staley, notify him to produce these notes, instead of going and getting them yourself?" Plaintiff claimed that he obtained these Hoon notes from defendant for the purpose of being used in

evidence on the trial of his injunction suit, while defendant contended that he took them back to save himself from loss. In view of this dispute, it is evident that there was no error in permitting counsel to propound the foregoing question on cross-examination of the witness.

By several assignments of error, plaintiff questions rulings of the trial court in admitting evidence offered by defendant as to the value of the Hoon notes. Even if it be conceded that there was error in these rulings, it was without prejudice, for the reason that the court instructed that, if defendant accepted the notes and the certificate of deposit at the agreed amount of four hundred dollars, the jury should find that plaintiff paid four houndred dollars of the purchase price, unless defendant had been deprived of the use and ownership of the same by the intentional acts of plaintiff.

Complaint is made of the instructions of the court to the effect that plaintiff should not be allowed his costs and attorney's fees expended in the injunction suit and the action of forcible entry and detainer unless the defendant was guilty of fraud or deceit in the sale of the land. The general rule is that attorney's fees cannot be recovered from the adverse party. But, where the act complained of is tainted with fraud, the jury, which has the power to punish, has necessarily the right to include the consideration of probable counsel fees in its estimate of exemplary damages. Such damages are not compensatory, however. *Dorris v. Miller*, 105 Iowa, 568. There are cases, however, where counsel fees are allowed by way of compensation. See authorities cited in *Dorris v. Miller, supra.* Whether or not they should be allowed in actions for breach of covenant is a question upon which the authorities are in conflict. See cases cited at pages 190-192, 8 Am. & Eng. Enc. Law (2d ed.) In *Yokum v. Thomas,* 15 Iowa, 67, it seems to be conceded that such expenses may be recovered; but it was said that defendant should have an opportunity,

which he did not have in that case, to protect himself against such costs, or to institute proceedings to protect the title warranted by him. In *Swartz v. Ballou,* 47 Iowa, 188, it is said the authorities are not uniform on the question; but recovery was denied in that case because it was not shown that defendant had paid, or was under obligation to pay, any such attorney's fees. *Meservey v. Snell,* 94 Iowa, 222, states the rule as follows: "The practice of allowing such fees is not uniform, but the weight of authority seems to be in favor of allowing them, if necessary and reasonable, especially if the warrantor has been notified of the litigation, and given an opportunity to protect his warranty;" citing Rawle on Covenants, and Sutherland on Damages. In that case attorney's fees were allowed because absolutely necessary to protect the real against the apparent title. It also appears that the warrantor had been given notice of litigation, and had failed to take charge of it. Adopting the rule of that case, it appears that the instructions give by the trial court were erroneous. There was evidence to the effect that plaintiff gave notice to defendant of the action that had been brought against him, and also of his injunction suit; and it also appears that defendant appeared as a witness for the plaintiff at the hearing for a temporary writ, and that on the final hearing he appeared and testified on the other side. Defendant claims that plaintiff had notice when he purchased that he (defendant) held his deed from Hoon as security, and that plaintiff was not justified in making defense to the action brought by Hoon, or in bringing the injunction suit. This was disputed by the plaintiff, and the issue thus presented was for the jury. Had there been no dispute regarding plaintiff's knowledge, it may be we should say the instructions were without prejudice, for the reason that plaintiff was not justified in defending against a title that he knew to be paramount when he accepted his deed. But this, as we have seen, is not the case. The decree in the case of Alexander against Hoon, which was the injunc-

tion proceeding to which we have referred, is not binding, for the reason that the parties are not the same as in this action. It may be that the costs in the forcible entry and detainer case are not recoverable, for the reason that generally the title is not involved in such an action. The proceedings may have been such, however, that plaintiff was bound to defend. On this point we express no opinion, for the reason that the facts are not sufficient on which to base it.

II. In the sixth paragraph of the charge the court instructed, in effect, that if the Hoon notes have remained and continued the property of plaintiff, and were not sold and delivered to defendant as a part of the purchase price of said land, then they should not allow plaintiff anything on account thereof, or, if they found that defendant had been deprived of the use and ownership of the notes by the intentional acts of the plaintiff, then plaintiff should not be allowed anything on account of said notes. The first part of this instruction was clearly erroneous, for there was no evidence in support of defendant's claim that plaintiff was at all times the owner of these notes. Both parties concede that they were delivered to the defendant as part of the purchase price of the land, and the only question at issue was whether or not plaintiff acquired title thereto when he took them back from the defendant. There was evidence from which the jury may have found that plaintiff did take them back for the purpose of protecting himself, although the plaintiff and others testified that he received them from defendant simply for the purpose of use at the trial with Hoon.

Plaintiff moved for judgment for the amount of the notes and certificate of deposit, with interest. That motion was overruled; and of this complaint is made. The ruling was correct. It was for the jury to determine whether the plaintiff secured the Hoon notes, and kept them, for the purpose of defending himself. If he did so,

then the verdict, aside from the question of attorney's fees and expenses, was right.

Defendant appeals from an order overruling his motion to retax costs. As there must be a retrial, it is not necessary to consider this complaint.

Some other matters are presented in argument, but as they are not controlling, and are not likely to arise on retrial, we do not consider them. The judgment on defendant's appeal need not be considered, for on plaintiff's appeal it is REVERSED.

GRANGER, C. J., not sitting.