## YOUNG v. MAIN et al.
### No. 9963.

Circuit Court of Appeals, Eighth Circuit.
Aug. 8, 1934.

Mart M. Monaghan, of Minneapolis, Minn., for appellant.

E. A. Johnson, of Cedar Rapids, Iowa (George C. Claassen, of Cedar Rapids, Iowa, on the brief), for appellees.

Before GARDNER and SANBORN, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

Jurisdiction of the court is invoked on the ground of diversity of citizenship, and the question for determination is whether the declaration, designated as the petition of the plaintiff, shows on its face an amount in controversy in excess of $3,000.

The petition, in so far as it bears upon the question raised, states the diversity of citizenship of the parties. That the plaintiff seeks a money judgment against the defendants for the sum of $17,950, and "that during all of the times herein mentioned, and for some time prior thereto, the above named defendants, and each of them, and one N. Y. Hokanson, as plaintiff is informed and believes, conceived and formulated and agreed among themselves to, and they did, conspire and collaborate together in executing the fraudulent plan and scheme hereinafter specifically described, of selling such vending machines and such merchandise at highly exorbitant and unreasonable prices, and of inducing inexperienced and unwary people, including this plaintiff, to purchase said machines and merchandise, and to enter into contracts for the purchase thereof with said defendant, W. F. Main, under one or other of his aliases above specified, by making, and causing and inducing to be made to said prospective purchasers of such machines and merchandise, including this plaintiff, false, fraudulent and untrue statements and representations both of past events and past and existing facts and estimates and opinions commingled with representations of past and existing facts, and promises and assurances made and given with the present existing intention at the time of giving and making said promises and assurances of not keeping or performing said promises or assurances, as more specifically detailed in setting up the transactions between plaintiff and said defendants hereinafter, and said defendants, and each of them, and said N. Y. Hokanson so conspired and collaborated together thus to cheat and defraud such prospective purchasers of said machines, including this plaintiff, over a widespread territory and in many different states."

That as a part of the fraudulent plan, and in furtherance of the conspiracy, the defendants made certain false and fraudulent representations, as follows: That enormous profits were guaranteed to purchasers; that a surety company bond would be furnished by the National Surety Company; that every person who had bought the machines had made an average net profit of more than $2 per month on such machines; that, unless a profit of 120 per cent. was made from the operation of the machines, the defendants would repurchase them at the full purchase price; that plaintiff would be given the exclusive privilege of operating said machines in the city of St. Paul, Minn.

That each of the representations were false, fraudulent, and untrue, and were well known by the defendants and each of them to be false and untrue when made. That the plaintiff relied upon the representations and believed them to be true, and acted upon them and was induced to enter into a contract of purchase and to pay to the defendant W. F. Main $2,891. The plaintiff has, however, duly rescinded by his own act the aforesaid contract of purchase with W. F. Main.

That said false representations were made maliciously, fraudulently, willfully, wantonly, and in reckless disregard of the rights of the plaintiff, and the plaintiff has been damaged by the matters alleged in the sum of $2,891, actual damages, and $15,000 exemplary damages, and he asks for judgment against the defendants in the sum of $17,891.

A motion was duly filed to dismiss the complaint on the ground the petition on its face failed to show a jurisdictional amount in controversy. The trial court found that the petition was one for the recovery of the purchase price upon prompt rescission of the

contract; that exemplary damages were not a proper element of damages; that the matter in controversy was less than $3,000; and dismissed the petition for want of jurisdiction.

The questions for determination are, first, does the cause of action sound in tort, or is it an action in implied assumpsit for the return of the purchase price? and, second, if the latter, may exemplary damages be pleaded and recovered as a proper element of damages?

■ As to the first question, the petition of the plaintiff may be easily analyzed. It claims, first, that the plaintiff entered into a contract with the defendant W. F. Main to purchase machines at the agreed price of $2,891; second, that said agreement of purchase was caused and induced by a conspiracy on the part of the defendants and others to procure such agreement by means of fraudulent statements, and that, in the carrying out of such conspiracy, such fraudulent statements were made to the plaintiff, relied upon by him and he was induced thereby to purchase the machines; third, that promptly thereafter the plaintiff by his own act rescinded the contract of purchase and demanded the return of the purchase price; fourth, that the fraudulent statements were made willfully and maliciously; and, fifth, that plaintiff is entitled to recover as damages the amount of the purchase price, and exemplary damages because of the willful misrepresentations.

From this it is clearly evident that the cause set out in its entirety is for the recovery of the purchase price, and not, as claimed by the plaintiff, an action in tort.

■ The jurisdiction of the federal court is not aided by any presumption; every presumption is against its jurisdiction; and the court is presumed to be without jurisdiction until the contrary is made affirmatively to appear. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057.

■ The charge in the petition that the defendants conspired to sell the machines by misrepresentations does not make the suit one to recover for conspiracy, but, if anything, is an augmentation of the claims that the contract was obtained by deceit.

■ Our conclusion is supported by the laws of Iowa governing pleadings in actions at law. · Under the Conformity Act (section 724, title 28, U. S. C. [28 USCA § 724]), the pleading in this case must conform to those requirements existing at the time under the laws of the state of Iowa. Section 11112 of the 1931 Code of Iowa provides: "Where the petition contains more than one cause of action, each must be stated wholly in a count or division by itself, and must be sufficient in itself. * * *" See Aultman & Co. v. Goldsmith, 84 Iowa, 547, 51 N. W. 43; O'Conner v. Chicago, R. I. & P. Ry. Co., 75 Iowa, 617, 34 N. W. 795.

And, while a defendant may waive the requirement that each cause of action must be set out separately, parties are presumed to follow the requirements of the statute in preparing their pleadings, and a single count or division of a petition will not be construed to state two causes of action unless the purpose of the pleader to do so clearly appears. Chicago, R. I. & P. Ry. Co. v. Haywood, 102 Iowa, 392, 71 N. W. 358.

The Iowa law and its interpretation by the courts clearly require us to consider that plaintiff has only pleaded one cause of action. If there is only one action pleaded, then it could only be that based on a rescission, as otherwise that allegation would not have been incorporated in the petition.

■ But there is even a stronger reason why we cannot consider the cause of action as pleaded to be an action on the case. This court has determined that, where a contract is obtained by fraud, the person defrauded has two remedies, and, as they are inconsistent, he must elect which one of the remedies sought he shall pursue. He may in effect affirm the contract and sue the party who · defrauded him for his damages, or he may repudiate the contract and recover the purchase price paid. As these rights are inconsistent, he cannot do both. Issenhuth v. Kirkpatrick (C. C. A.) 258 F. 293; Cheney v. Dickinson (C. C. A.) 172 F. 109, 111, 28 L. R. A. (N. S.) 359; Wilson v. New U. S. Cattle-Ranch Co. (C. C. A.) 73 F. 994. A fortiori, if an injured person pleads the rescission, he certainly cannot then say that his action is one in tort, as the manifest inconsistency of his position is too apparent.

Appellant urges that the allegation in the petition that plaintiff had rescinded the contract was inadvertently pleaded, and, in effect, that on consideration of the entire pleading the court should have declared the cause as pleaded to be one in tort and hold the rescission pleaded as surplusage. Any merit in this contention is confuted by the pleader fixing the amount of damages at the identical amount of the purchase price.

We are clear that the cause of action is not to recover damages for fraudulent representations, but is an action to recover the amount of the purchase price upon an im-

plied contract to return money obtained by fraud.

The measure of recovery for a plaintiff who has rescinded his contract on the ground that the contract is voidable because having been obtained by fraud is the return of the money paid or a recovery of the property with which he parted. By rescinding a contract obtained by fraud, the plaintiff demands that the parties be placed in status quo and gives him the right to have the money or property with which he parted restored to him. Wilson v. New U. S. Cattle-Ranch Co., supra; Hayes v. Nashville (C. C. A.) 80 F. 641; Cheney v. Dickinson, supra; Issenhuth v. Kirkpatrick, supra; Champ Spring Co. v. United States (C. C. A.) 47 F.(2d) 1; Boatmen's Nat. Co. v. M. W. Elkins & Co. (C. C. A.) 63 F.(2d) 214; Reiger v. Turley, 151 Iowa, 491, 501, 131 N. W. 866; Peterson v. McManus, 187 Iowa, 522, 556, 172 N. W. 460; Butler Mfg. Co. v. Elliott & Cox, 211 Iowa, 1068, 233 N. W. 669.

As Judge Taft stated in the case of Hayes v. City of Nashville (C. C. A.) 80 F. 641, 645: "It is well settled that a technical rescission of the contract has the legal effect of entitling each of the parties to be restored to the condition in which he was before the contract was made, so far as that is possible, and that no rights accrue to either by force of the terms of the contract."

Having determined that the action is based upon an implied contract to recover money had and received, the remaining question is whether exemplary damages may be recovered in such a suit. As a general rule, exemplary damages are not recoverable in actions for breach of contracts, 17 C. J. 976; and the same general rule would apply in an action for the recovery of a purchase price.

We do not understand plaintiff to claim that exemplary damages may be recovered on an implied contract to return money had and received, and no cases are cited to us that they may be so recovered.

In the case of Fordson Coal Co. v. Kentucky River Coal Corporation, 69 F.(2d) 131, 132 (C. C. A. 6), where the owner of land waived the tort by reason of a trespass upon the land and removal of timber and brought suit for damages on the implied contract for the value of the timber wrongfully cut from the land, the court said: "The tort was waived and the suit brought upon an implied contract, and we know of no rule whereby puni-

tive damages may be recovered in such a case."

If a petition states facts which clearly negative any right on plaintiff's part to recover compensatory damages, it fails to state a cause of action for exemplary damages. Stricklen v. Pearson Construction Co., 185 Iowa, 95, 98, 169 N. W. 628.

The plaintiff claims that the action is in tort for deceit and for damages "in the nature of a writ of conspiracy"; that he may sue an agent in tort as well as a principal; that the contract is void ab initio because in violation of an Iowa statute making it a crime to obtain money or property by false representations; and that he has a right to sue in tort notwithstanding the rescission.

It is true that exemplary damages may be added to actual damages to make up the federal jurisdictional amount where exemplary damages are permitted to be recovered, Scott v. Donald, 165 U. S. 58, 89, 17 S. Ct. 265, 41 L. Ed. 632; and exemplary damages may be allowed in actions on the case of conspiracy or deceit, Alexander v. Staley, 110 Iowa, 607, 81 N. W. 803; Day v. Woodworth, 13 How. 363, 14 L. Ed. 181; 17 C. J. 977.

The petition does set up all the elements necessary to support an action in deceit, and, were it not for the allegation that the plaintiff duly rescinded the contract of purchase, the claim of the plaintiff that the action was one in tort would be well founded.

But the allegations as to conspiracy and misrepresentation must be considered as pleaded therein as a basis for the claimed right of rescission. Whether these misrepresentations were made willfully and maliciously would then be unimportant.

We are not here concerned with what rights the appellant may have had to have declared upon an action on the case notwithstanding his rescission, or his right to declare the contract void because of a violation of a criminal statute of the state of Iowa. We are here only determining that the suit as declared upon is one for the recovery of a purchase price, in which suit exemplary damages may not be recovered, and as bearing upon the jurisdictional question, which must be determined from the pleadings and not upon what rights appellant may have had in the past or may have in the future.

We are abidingly satisfied that the trial court was right, and his order dismissing the case for lack of jurisdiction is affirmed.