# HARMENING v. HOWLAND.

## (141 N. W. 131.)

**Pleading — proof — exemplary damages — order — amendment.**

1. Where the complaint alleges and the proof shows facts authorizing a recovery for exemplary damages, the same may be recovered under a claim for damages generally, without being specially pleaded. It is accordingly *held* that the order permitting an amendment of the complaint at the trial with reference to exemplary damages, was nonprejudicial.

**Instructions — burden of proof — attorney and client — relationship.**

2. An instruction placing the burden upon the defendant to show his good faith in doing the act complained of, in the event the jury should find that the relationship between the parties was that of attorney and client, *held* proper under the testimony.

**Documents — identification — evidence — foundation.**

3. At the trial, certain original documents in the United States Land Office and Department of the Interior, which concededly were relevant and material, were received in evidence over defendant's objection that they were incompetent for the reason that they had not been properly authenticated. The register of the local land office produced them in court, and identified them as original records of the Land Department relating to the land over which this controversy arose.

*Held*, that a sufficient foundation was laid for the introduction of such original documents.

**Proof of public documents — best evidence — original documents — identification.**

4. Subdivision 8, of § 7300, Rev. Codes 1905, and §§ 2469 and 2470 Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 1557, construed and *held* not to prescribe an exclusive method of proving public documents therein mentioned. The original documents, when properly identified as such, are the best evidence, and the statutes aforesaid were not intended to preclude such proof.

**Fraudulent acts — exemplary damages — malice — fraud — deceit.**

5. Defendant's contention that there is no sufficient foundation in the evidence to warrant the jury in allowing exemplary damages, *held*, without merit, there being ample testimony tending to show that, in committing the act complained of, defendant acted fraudulently and in total disregard of plaintiff's rights. To warrant exemplary damages, proof of actual malice is not necessary in all cases; and where the defendant, through fraud and deceit, intentionally induced the plaintiff to believe and to act upon the belief that

certain material representations were true when he knew them to be false, he is liable for exemplary damages.

Opinion filed March 27, 1913.

Appeal from District Court, Ward County; *K. E. Leighton,* J.

Action by August Harmening against John M. Howland. From a judgment in plaintiff's favor, defendant appeals.

Affirmed.

## Facts.

Action to recover damages suffered by plaintiff by reason of alleged fraud and deceit practised upon him by defendant, concerning the dismissal of a certain contest pending in the United States Land Office, against the land described in the complaint, and upon which land plaintiff made homestead entry under the direction of defendant. The case was tried before a jury, and a verdict returned in favor of plaintiff, assessing the damages at $3,000. Defendant appeals from such judgment. No motion for a new trial was made in the trial court. Defendant offered practically no testimony, and the following facts are uncontroverted:

In the spring of 1902, plaintiff arrived in Kenmare to select a homestead on government land in that vicinity. At that time defendant maintained an office at said place as a land attorney, engaged in locating people on land, conducting contests, final proofs, etc. He had been admitted to practise before the Department of the Interior and the United States Land Office at Minot.

Immediately prior to this time, he had had a partner by the name of Campbell, and their business had been conducted as Howland & Campbell. A man by the name of Kitter was a locator, and brought more or less business to defendant's office. Plaintiff was brought to defendant's office by Kitter. He desired to make homestead entry on the land described in the complaint, and defendant represented to him that he was an attorney conversant with land-office practice, and that he would obtain for him a valid filing on the land, and deliver to him a valid dismissal of the pending contest.

At this time the land in question was covered by the homestead entry of one John Kiell. Kiell had abandoned the land, and had gone to Minnesota. He had executed a relinquishment, and forwarded the same to a bank at Kenmare, to be delivered to Kitter subject to payment of $40 for the same. At this time, however, there was pending against the homestead entry of Kiell a contest filed by one Fargen. Howland & Campbell were the record attorneys in this contest for Fargen. The written power of attorney given by Fargen to Howland & Campbell gave said attorneys full authority over the contest in all matters save and "except to dismiss this contest." If Kiell's relinquishment was filed in the land office without being accompanied by a valid dismissal of this contest, of course Fargen, under the United States laws, would have a preference right to file on the land. The defendant drew up in his own handwriting a dismissal of this Fargen contest. He also prepared a complete set of homestead filing papers for plaintiff, and went to the bank with him and Kitter, where plaintiff deposited in escrow $200 in cash and a $25 promissory note. He obtained from the bank the Kiell relinquishment, and turned all of these papers over to plaintiff, instructing him to take the papers to Minot and file the same with the land office, giving him a letter requesting attorney Barret of Minot to assist him in getting these papers filed with the land office. Relying on defendant's representations, plaintiff filed on the land, and the land office issued to him the customary filing receipt. Thereupon the money deposited at the bank by plaintiff was released. Defendant claims that he received only $100 of the money. Forty dollars of the same was remitted to Kiell by the bank. The balance, $60, probably went to Kitter. In any event, if Kiell got the $40 from the bank, defendant received more than one half of the entire proceeds. Fargen never received any of the money, by reason of the sale of the contest dismissal. He knew nothing concerning this transaction, and did not know that his attorney had dismissed his contest. On learning of such facts, he began proceedings in the land office to have his contest, which had been dismissed by defendant without right, reinstated. Plaintiff was made a defendant in these proceedings, and upon advice from defendant and others he defended the proceedings, and did everything within his power to maintain his homestead entry on the land. Such proceedings were carried through the customary procedure of the United States

Land Office and Department of the Interior, and Fargen finally won, and plaintiff's homestead entry was canceled and Fargen filed on the land. The Department held that the action of defendant, in wrongfully dismissing the Fargen contest, was a mere nullity, and could not in any manner affect Fargen's rights, inasmuch as Fargen had expressly reserved in the power of attorney given to defendant, the right to dismiss the contest. These proceedings were not finally terminated until 1908. From the time plaintiff filed in 1902 until he was finally ejected from the land in 1908, he resided upon the land, erected valuable buildings, made a home thereon for his family, improved the land, and broke and cultivated about 100 acres of the same.

Appellant makes no point concerning the items and measure of damages, except as to the allowance of exemplary damages. The answer admits that Kiell made the homestead entry in question; that Fargen contested the same; that "Campbell & Howland" were attorneys for Fargen; that Howland drew up plaintiff's homestead application, and that plaintiff filed on the land in question. At the trial it was stipulated that Exhibits 13, 18, 19, 20, and 21, which are the dismissal of the Fargen contest and the plaintiff's filing papers, are part of the records of the United States Land Office and Department of the Interior.

*Palda, Aaker, & Greene,* for appellant.

To justify a recovery, it was necessary that plaintiff show not only fraud, either actual or constructive, practised upon him by defendant, but also that it resulted in substantial loss or detriment to plaintiff. Proof of original documents in any of the departments of the United States government can only be made as by law provided. Rev. Codes 1905, § 7300, subdiv. 8; U. S. Rev. Stat. §§ 2469, 2470, U. S. Comp. Stat. 1901, p. 1557, as amended by act of April 2, 1888.

*G. S. Wooledge* and *Francis J. Murphy,* for respondent.

It is not necessary to plead exemplary damages *"eo nomine"* in the complaint. They may be recovered under a claim for damages generally. Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173; 13 Cyc. 177, and cases cited.

The original documents of the departments of the United States government, properly identified, are the best evidence. This is true of any public records. Jones, Ev. 2d ed. § 525; Grandin v. LaBar, 3 N.

D. 446, 57 N. W. 241; Jesse D. Carr Land & Live Stock Co. v. United States, 55 C. C. A. 433, 118 Fed. 821; Campbell v. Laclede Gaslight Co. 119 U. S. 445, 30 L. ed. 459, 7 Sup. Ct. Rep. 278; Galt v. Galloway, 4 Pet. 336, 7 L. ed. 878; Fothergill v. Stover, 1 Dall. 6, 1 L. ed. 13; Fisher v. Betts, 12 N. D. 197, 96 N. W. 132; Merced County v. Fleming, 111 Cal. 46, 43 Pac. 392; 20 Century Dig. Ev. 1273–1278; 8 Am. Dig. Decen. ed. Ev. 366, 367; 10 Enc. Ev. 388–395; Roper v. Clabaugh, 4 Ill. 166; Ansley v. Peterson, 30 Wis. 658; Re McClellan, 20 S. D. 498, 107 N. W. 681; State v. Paulson, 27 S. D. 24, 129 N. W. 558; State v. Walsh, 25 S. D. 30, 125 N. W. 295; Kellogg v. Finn, 22 S. D. 578, 133 Am. St. Rep. 945, 119 N. W. 545, 18 Ann. Cas. 363; Miller v. Northern P. R. Co. 18 N. D. 19, 118 N. W. 344, 19 Ann. Cas. 1215.

Fisk, J. (after stating the facts as above). Appellant assigns twenty-seven alleged errors, all relating to the trial court's rulings and instructions. Such as are referred to at all in the printed brief and argument are argued only in a general way by grouping the assignments under a few points which we will consider in the order presented.

It is first contended that it was prejudicial error to permit plaintiff, at the conclusion of his case, to amend the complaint by adding thereto an allegation and prayer for exemplary damages. There is no merit in this contention. The amendment was wholly unnecessary, but it did no harm. This court has expressly held that such damages may be recovered under a claim for damages generally. Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173.

The second contention made by appellant challenges the correctness of a certain instruction relative to the burden of proof as to the good faith of defendant in furnishing to plaintiff the dismissal of the Fargen contest and the Kiell relinquishment, in the event the jury should find from the evidence that the relationship of attorney and client existed between the parties at the time of the transaction in question. No claim is made that such instruction does not state a correct rule, but it is insisted that there is no foundation in the testimony authorizing the same; but, after an examination of such testimony, we are agreed that the jury was fully justified in finding that such relationship did in fact exist. We shall not take the time nor the space necessary to a

review of such testimony in this opinion, as to do so would serve no useful purpose.

It is next contended in effect that there is no competent proof in the record that a final decision was rendered by the United States Land Department upholding Fargen's contest and canceling plaintiff's entry for the land described in the complaint. It is apparently not questioned that certain original documents introduced in evidence from the Land Office Department, if properly authenticated, are sufficient to furnish such proof, but appellant contends that the same were not thus authenticated. In this connection counsel calls our attention to § 7300, Rev. Codes 1905, subdiv. 8, and to §§ 2469, 2470, United States Revised Statutes, U. S. Comp. Stat. 1901, p. 1557. But these statutes merely prescribe a method by which such proof *may* be made. They permit of this easy and simple way of proving public documents, but such methods are by no means intended to be exclusive. It would, indeed, be strange if either the legislature or Congress, by such enactments, had thereby intended to preclude a higher quality of proof than that mentioned in the statutes, such as the originals would furnish. Such originals were, of course, the best evidence when properly identified. That they were properly identified is, we think, entirely clear. Such original documents were produced in court and identified as such by the register of the local land office. That such official, as the custodian thereof, was a proper person to thus identify these exhibits, is too clear for serious discussion. The proof thus furnished was ample to establish the fact that the Fargen contest was finally sustained and plaintiff's entry canceled, as well as the facts as to the other proceedings had in the United States Land Office relative to such land. Jones, Ev. 2d ed. § 525; Grandin v. LaBar, 3 N. D. at p. 457, 57 N. W. 241; Jesse D. Carr Land & Live Stock Co. v. United States, 55 C. C. A. 433, 118 Fed. 821; Campbell v. Laclede Gaslight Co. 119 U. S. 445, 30 L. ed. 459, 7 Sup. Ct. Rep. 278; 32 Cyc. 1044, 1045.

The proof furnished by such land office records is, moreover, materially supplemented by other testimony in the case which is uncontroverted.

Finally it is urged by appellant's counsel that there is no sufficient foundation in the record upon which to base a verdict for exemplary damages, and that it was prejudicial error, therefore, to submit such

question to the jury. Counsel frankly concedes that the question as to the sufficiency of the evidence to justify the verdict on this issue is not properly before us, but their contention is that proof of facts authorizing exemplary damages is wholly lacking. We cannot thus read the record. We think there is ample testimony on which the jury was warranted in finding that defendant knew that he had no authority to dismiss the Fargen contest, and that in attempting to do so he acted fraudulently and in total disregard of the rights of plaintiff and of the disastrous consequences which might thereby befall him, and by such act he misled him to his great damage. To warrant exemplary damages, proof of actual malice was not necessary. If the defendant intentionally, through fraud and deceit, induced the plaintiff to believe and to act upon the belief that such purported dismissal of the Fargen contest was authorized, he must suffer the consequences, and is not immune from the imposition of punitive damages. Whether the defendant was guilty of such conduct was, under the evidence, a question essentially for the jury; and while the amount of the jury's verdict seems somewhat large, we are not prepared to say, nor are we asked to hold, that such amount is excessive. Manifestly, under the record, it is difficult, if not impossible, to measure with any degree of accuracy the actual damages suffered by plaintiff; and it may be, as respondent's counsel contend, that the damages awarded are wholly inadequate to redress the injury inflicted on plaintiff's rights by defendant's wrongful conduct.

Finding no error in the record, the judgment is affirmed.