## J. M. Grace, Appellee, v. Frank G. Wright & Company and D. F. Reid, Appellants.

### Gen. No. 23,263.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEO-
DORE BRENTANO, Judge, presiding. Heard in the Branch Appellate
Court at the March term, 1917. Affirmed. Opinion filed March
13, 1918. Rehearing denied March 26, 1918.

### Statement of the Case.

Action by J. M. Grace, plaintiff, against Frank G.
Wright & Company, a corporation, and D. F. Reid,
defendants, for fraud and deceit in the sale to plaintiff
by defendants of certain preferred stock of the Ad-
vance Radiator Company. From a judgment for plain-
tiff for $2,814, defendants appeal.

BROTHERS & FAIRFIELD, for appellants; ELMER D.
BROTHERS, of counsel.

CHENEY & EVANS, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the
court.

### Abstract of the Decision.

1. BROKERS—*when justification for reliance upon statements of
employee of broker in sale of stock shown.* Evidence *held* to war-
rant the finding that plaintiff was justified in relying upon the
assurances given him by defendant corporation's employee as to
the value of certain stock purchased by plaintiff, although the
books of the company whose stock he purchased were available
for his examination, in an action against brokers for fraud and
deceit in the sale of the stock.

2. BROKERS—*when exclusion of evidence as to attempted adjust-
ment of affairs between seller and employee erroneous.* The exclu-
sion of evidence of the vice president of the company in which
plaintiff purchased certain stock, offered by defendant, in an action

Grace v. Frank G. Wright & Co. et al., 210 Ill. App. 104.

against brokers for fraud and deceit in the sale of the stock, as to plaintiff's efforts to secure a settlement of his affairs with the company as an employee and stockholder with the witness and as to conversations between them, was erroneous, as such evidence was material, but not reversible error.

3. BROKERS, § 101*—*what does not affect right of recovery for fraud by in sale of stock.* In an action for fraud and deceit in the sale by defendants as brokers to plaintiff of stock in a certain company, *held* that any arrangement made by plaintiff with the company looking towards a return of his money could have no effect upon his right to recover in such action except in so far as it might affect his measure of damages.

4. BROKERS—*when instruction on fraud by is correct.* An instruction, in an action against brokers for fraud and deceit, that if the jury believed from the evidence that the defendants made the representations and statements alleged and that the same were false or fraudulent and were made with intent as alleged and that plaintiff relying thereon was thereby induced to part with his money, they should find for the plaintiff, *held* not erroneous because not requiring the jury to find from the evidence that the alleged false representations were of such character or made under such circumstances as to justify a reasonably prudent person in believing them to be true and directing his conduct accordingly, where the evidence showed defendants said and did much to throw plaintiff off his guard.

5. DAMAGES, § 102*—*when punitive awarded.* It is within the province of the jury to award punitive damages in an action for fraud and deceit.

6. DAMAGES, § 244*—*when giving of instruction as to punitive harmless error.* The giving of an instruction as to punitive damages, in an action for fraud and deceit, where there was no evidence of such damages and the same were not included in the jury's verdict, *held* not prejudicial error.

7. BROKERS—*when instruction on measure of damages in action for fraud correct.* An instruction, in an action against brokers for fraud and deceit, that if the jury found for the plaintiff they might give in estimating damages the amount of the money paid by plaintiff according to the terms of the contract, with interest to date, and such sum as would indemnify plaintiff for all damage directly sustained by him by reason of defendant's misconduct, including exemplary damages, *held* proper under the facts.

8. APPEAL AND ERROR, § 244*—*when instruction not reversibly erroneous.* The omission from an instruction as to damages, in an action for fraud and deceit, of a limitation of the recovery to such damages as were shown by the evidence, or to such interest

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as should be shown by the evidence, *held* not reversibly erroneous, where the evidence fully warranted the award made. ·

