JOHANN WUEST and EMIL WUEST, Respondents, v. G. E. RICHMOND and JOHN RYAN, Appellants.

(188 N. W. 573.)

**Fraud — cause of action for obtaining note by fraud not dependent on finality and payment of transferee's judgment.**

In an action for damages alleged to have been sustained by reason of the transfer by the defendants of a note obtained from plaintiffs by fraud and false representations, upon which the transferee had recovered a judgment against the plaintiffs, it is *held:*

1. The cause of action is not dependent upon the finality of the judgment against the plaintiffs nor upon its payment by them.

**Fraud — judgment against wrong doer obtaining note should be contingent on payment of transferee's judgment.**

2. Where plaintiffs have not actually sustained damages to the extent of paying a judgment previously obtained against them on account of defendants' wrongful act. but where the amount of such judgment furnishes a basis for the damages included in the verdict, the judgment rendered upon the verdict should not be absolute but contingent upon the plaintiffs' paying the judgment previously recovered against them.

**Fraud — exemplary for damages for obtaining note by fraud recoverable.**

In an action for damages sustained by reason of defendants' transfer of a note obtained from plaintiffs by fraud, exemplary damages may be recovered under Comp. Laws 1913, § 7145.

Appeal from the District court of Grant county, *Lembke,* J.

Judgment amended and affirmed.

*Sullivan, Hanley & Sullivan,* for appellants.

"It is the duty of the court to charge the jury, whether requested or not, upon every point material to the decision of the case upon which there is evidence, and to charge correctly and fully." Moline Plow Company v. Gilbert, 3 Dak. 239, 15 N. W. 1; See also 38 Cyc. 1626, 29 Cyc. 788; Macen v. Ry. Light Co. v. Suthern Bell etc. Co. 93 S. E. 531, 20 Ga. App. 827.

This doctrine was affirmed by this Court in the case of Putnam v. Prouty, 24 N. D. 517.

*Jacobsen & Murray,* for respondents.

Indebtedness is no defense for fraudulent acts. See Fahey v. Esterley Harvesting Mach. Co. (N. D.) 55N . W. 580; 3 N. D. 220; Sutherland on "Damages" Vol. 4, p. 3420, bottom of page; Farnahm, Supervisor, etc. v. Benedict, (N. Y.) 13 N. E. 784; Metropolitan El. Ry. Co. v. Kneeland, (N. Y.) 24 N. E. 381; Osborne & Co. v. Ehrhard, (Kansas) 15 Pac. 590.

"A principal impliedly ratifies a contract and transaction, with reference to negotiable instruments, where, with full knowledge of all the facts, he accepts and retains the benefits resulting therefrom, * * * or where he otherwise deals with them as his own." 2 C. J. 499, § 118; 2 C. J. 515, § 132.


Birdzell, C. J. Action for damages, claimed to have been sustained by reason of the transfer by the defendants of a note alleged to have been obtained from the plaintiffs by fraud and false representation, and upon which the transferee had recovered a judgment against plaintiffs. This is an appeal from the judgment for the plaintiffs, and from an order denying a motion for a judgment notwithstanding the verdict, or for a new trial.

In March, 1916, John and Emil Wuest entered into a contract with G. C. Richmond, for the purchase of a half section of land in Morton county. The land was later conveyed to Charles E. Richmond, subject to the contract. The contract embodied the usual provisions contained in crop payment contracts, requiring the purchasers to crop the land and to apply the proceeds of one-half the crop to the payment of interest on the principal sum and any surplus to the principal, reserving title in the vendor until the settlement is made each year. It stipulated for the making of certain improvements which should attach to and become a

part of the realty, and that, in the event the purchasers should fail to perform, the contract might be canceled and the vendor keep and retain all sums paid as liquidated damages. In 1917 the vendees took the entire crop from the land and made no payment on the contract. For this default, notice of cancellation, dated February 23, 1918, was served upon them. The vendees removed from the premises certain improvements. After the cancellation, the vendor leased the premises to a tenant whom the vendees subsequently sought to dispossess through forcible entry and detainer proceedings, in which they were unsuccessful. The vendor brought an action against the vendees to recover the value of the improvements removed from the premises, the value of the share of the 1917 crop which was not applied upon interest or upon the purchase price, and taxes for 1916 and 1917.

On the day that action was set for trial in the district court of Grant county, the plaintiff herein met the defendant Ryan, agent for the defendant Richmond, at the courthouse, and, after some talk regarding a settlement, the plaintiffs gave a note for $1,200. The settlement was effected without the knowledge of the attorney for the Wuests, who was, at that time, in the courthouse engaged in the trial of a case. A few minutes after the settlement was made, however, the Wuests' attorney learned of it and demanded a return of the note, which demand was refused. It seems that the note was promptly sent to the defendant Richmond, who resided at Plainview, Minn., and by him transferred to the Plainview State Bank. At maturity an action was brought by the bank, and judgment obtained against the makers, the plaintiffs in this action. This action was then brought to recover damages based upon fraud in the procurement and transfer of the note in the circumstances indicated. The fraud alleged in the complaint consists in representations claimed to have been made by Ryan at the time he obtained the note, to the effect that he had talked with Murray, attorney for the defendants in the action then pending, and that he had said that Emil Wuest had no defense to the action and that judgment would be rendered against him for the full amount claimed; and that Murray had also stated that the defendants should sign the note for $1,200 in settlement of the action. At the trial, evidence was offered to prove these allegations, all of which was disputed by the defendants, who claimed that the settlement was made upon the solicitation of the plaintiffs and upon a basis which was entirely fair.

The first assignment argued upon this appeal is that the verdict is excessive. It is for the sum of $1,800, with interest at 6 per cent. from

September 13, 1921, and it is claimed that all in excess of the sum of $1,548.63 is excessive and not supported by the evidence. The judgment against the plaintiffs, on account of the note, is $1,405.07, with 6 per cent. interest from January 7, 1921, and the evidence in this case establishes that an attorney's fee of $100 for defendant the suit brought by the bank on the note was reasonable. This accounts for $1,548.63. The remainder of the verdict, approximately $250, is accounted for as exemplary damages which, it is claimed, are not allowable. We think it clear that exemplary damages may be recovered in an action of this character under § 7145, C. L. 1913.

There are a number of assignments based upon the admission in evidence of exhibits, consisting of files in the previous litigation. We can see no merit in these assignments as, without the files, the character of the controversy, in settlement of which the defendants claim the note was given, could not well be understood. Neither can we see wherein assignments based upon the testimony of the court reporter and of plaintiff's counsel are meritorious. This testimony merely tended to explain the issues tried in the Plainview Bank Case, and, even though it might have been objectionable, we cannot see wherein prejudice could have resulted.

The other assignments based upon rulings on evidence have been carefully examined, and we find them to be without merit. The record shows that the defendants were not prevented from introducing abundant evidence to substantiate their claim, that the note was given in settlement of pending litigation, without being induced by any false or fraudulent representations. It also shows that they were not unduly restricted in cross-examining the plaintiff's witnesses.

It is argued that the court erred in refusing to grant the defendants' motion for a directed verdict, and in this connection it is pointed out that the judgment on the note is not paid, and that, at the time of this trial, there was a motion for a new trial pending. Conceding that the judgment in the action on the note was not paid and that, at the time of the trial, it had not become final, owing to the pendency of the motion for a new trial and to the fact that the time for appeal had not expired, it does not follow that the defendants are entitled to a directed verdict. The legal injury or damage which furnishes the basis for the plaintiffs' cause of action arises from the wrong done in obtaining and transferring the note in the manner hereinbefore stated. The legal injury is completed before the maker of the note is compelled to pay it, and exists so

long as there is danger that he may be compelled to pay. Fahey v. Esterley Machine Co., 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554. The defendants, however, are entitled to protection against the consequences of having to pay to the plaintiffs the judgment in this action and of being liable over, possibly, to the judgment creditor in the action on the note. Furthermore, it is certain that the plaintiffs will not be damaged to the extent of the amount of the judgment against them, unless they pay such judgment. In view of this situation, it is proper, if indeed it is not necessary, in such a case as this, to insert in the judgment a provision which will at once protect the judgment debtor and prevent the judgment creditor from realizing as damages an amount which he has not in fact suffered. The judgment in this case will therefore be modified by inserting a provision that it may be satisfied pro tanto by filing a satisfaction of the judgment obtained on the note, within 30 days from the time such judgment becomes final, and that no execution shall issue on the judgment herein until 30 days after the judgment in the case of Plainview State Bank v. Wuest et al., becomes final. Furthermore, that if, through subsequent proceedings, the judgment of the Plainview Bank is reduced, the judgment in this case shall be reduced in like amount. See Fahey v. Esterley Machine Co., supra; Thayer v. Manley, 73 N. Y. 305.

We have considered the assignments of error on the instructions and find them to be without merit. The judgment is amended, as hereinbefore indicated, and, as so amended, it is affirmed.

CHRISTIANSON, BRONSON, and ROBINSON, JJ., concur.

GRACE, J. (specially concurring). It appears plain that plaintiffs are entitled to maintain this action, but that the judgment should be modified to the extent stated in the main opinion. No question arises in this case relative to the equities of the plaintiffs, if any, in the land they purchased.