## CLIETT v. KING.

### No. 1178.

Court of Civil Appeals of Texas. Waco.

Oct. 20, 1932.

Rehearing Denied Nov. 17, 1932.

Bryan & Maxwell, of Waco, and Frazier & Averitte, of Hillsboro, for appellant.

Garland Armstrong, of Dallas, and Geo. Clark and J. J. Campbell, both of Waco, for appellee.

BARCUS, J.

This is the second appeal in this case. King v. Cliett (Tex. Civ. App.) 31 S.W.(2d) 350. The facts are fully stated in the former opinion. Briefly restated, however, appellee alleged that in May, 1928, he and his wife conveyed to appellant a house and two lots in the city of West for a recited consideration of $1,550 cash paid and subject to certain indebtedness against the property; that in fact only $50 of the cash consideration was paid; and that he was induced to and did accept from appellant a purported vendor's lien note for $1,500 against certain property in Tarrant county which he alleged H. H. Thomas and Eric Chapman falsely represented to him was worth $1,500 and could be easily cashed for said amount. He alleged that H. H. Thomas, Eric Chapman, and appellant Cliett jointly conspired together for the purpose of obtaining said property without paying the consideration named in the deed, and in falsely representing the note to be worth $1,500 when they and each of them knew said representations were untrue. Appellant denied all of the allegations of appellee and by way of special answer alleged that in January, 1929, he made a settlement with appellee under the terms of which he paid him $100 and secured a written release from all liability. Appellee, by supplemental pleading, alleged that said agreement, which appellant claimed to have, was obtained after this suit was filed and was procured from him by fraud and duress, in that after he (appellee) learned that said note was valueless and after he had lost the note appellant represented to him that since he had lost the worthless note he could not recover for its value and that if he did not accept the $100 he would not get anything, and appellee alleged that at said time he was in very bad health and his family was in financial distress and dependent upon charity and that appellant knew these facts and took advantage thereof. He offered to give appellant credit for the $100 paid at the time the release was executed.

In answer to special issues submitted, the jury found that appellant agreed to purchase the property from appellee; that he had failed to pay $1,400 of the agreed purchase price; that Thomas, Chapman, and appellant Cliett designedly obtained the property from appellee without paying the agreed consideration therefor; that Chapman and Thomas represented to appellee that the $1,500 vendor's lien note was of the value of $1,500 and could be cashed immediately;

that said representations were made in furtherance of the mutually understood and concerted design of Thomas, Chapman and appellant Cliett to obtain title to appellee's property without paying the agreed consideration therefor; that appellee relied on said representations and accepted said $1,500 note in lieu of the $1,500 cash; that Chapman, Thomas, and appellant Cliett acted with malice in their negotiations with appellee; that appellee was entitled to $500 exemplary damages; that the $1,500 vendor's lien note was of no value; that the release signed by appellee to appellant after the suit was instituted was procured by fraud on the part of appellant; that the $100 consideration paid by appellee to appellant at the time the release was signed was an inadequate consideration; that appellant procured said release to be signed in furtherance of the mutually understood and concerted design between Thomas, Chapman, and appellant Cliett to obtain the title to the property without paying the agreed consideration; that said release was obtained by appellant from appellee under duress and by undue influence. Based upon said findings, the trial court entered judgment against appellant for $1,900.

The suit was originally instituted by appellee against Thomas, Chapman, and appellant Cliett. Before the cause was tried the suit was dismissed by appellee as against Chapman and Thomas.

By his first seven propositions appellant complains of the action of the trial court in overruling certain exceptions which he leveled at appellee's petition. We have carefully examined each of these and same are overruled.

By his propositions 8 to 18, inclusive, appellant complains of the action of the trial court in permitting appellee to testify relative to certain conversations he had with Chapman and Thomas and conversations he had with appellant Cliett at the time he executed the release in January, 1929, and with reference to the testimony of the witnesses Mrs. Myrat and Mrs. Simmons relative to appellee's physical and financial condition at the time said release was signed by appellee and delivered to appellant. Most of these questions were decided adversely to appellant in the former opinion. We have again carefully examined each of said propositions, and same are overruled.

By propositions 19 and 20 appellant contends that there was no evidence to support the finding of the jury that he (appellant) was guilty of any fraud, conspiracy, or bad faith in his dealings with appellee or in connection with said property. Without attempting to quote the testimony, we think it is sufficient to support said findings.

By his proposition 21 appellant complains of the action of the trial court in refusing to require appellee to elect whether he would prosecute the suit for tort or for debt and foreclosure of his lien for the unpaid balance of the purchase price of said lots. We think this contention is without merit.

By his proposition 22 appellant contends that the trial court erroneously entered judgment for appellee for the $500 exemplary damages, on the theory that same were not recoverable under the evidence and that it amounted to a double award against him for damages in favor of appellee. We overrule this contention. Article 4004 of the Revised Statutes provides, in effect, that all persons guilty of fraud in land transactions, or who make false representations relative thereto or who derive any benefit therefrom, shall be jointly and severally liable to the person defrauded in actual damages, and in addition thereto, provides that all persons willfully making such false representations or knowingly taking advantage of said fraud, shall be liable in exemplary damages to the person defrauded in an amount not to exceed double the amount of actual damages. The record shows without controversy that appellant received whatever benefit was derived from the transaction in question. The evidence abundantly supported the allegation that Thomas and Chapman made false and fraudulent representations relative to the value of the $1,500 vendor's lien note which appellant gave appellee in lieu of the $1,500 cash. We think the evidence is sufficient to support the finding that appellant knew of said false and fraudulent representations so made by Thomas and Chapman to appellee relative to said note and that he knowingly took advantage thereof.

By his remaining propositions numbered 23 to 35, inclusive, appellant contends that the trial court erred in submitting each special issue to the jury, on the theory that there was no evidence to support any of them. On the former hearing we held there was sufficient evidence to require the trial court to submit the cause to the jury. The facts are practically the same as then. We adhere to our former holding.

The legal questions involved in this litigation were fully discussed in the former opinion and decided adversely to appellant's contentions. The Supreme Court refused a writ of error. We deem it unnecessary to repeat what was said in said opinion.

All of appellant's propositions and assignments are overruled.

The judgment of the trial court is affirmed.