149 So. 859

## SOUTHERN BUILDING & LOAN ASS'N
### v. HOLMES.
### 8 Div. 470.

Court of Appeals of Alabama.
Nov. 8, 1932.

Rehearing Denied Jan. 10, 1933.

Affirmed on Mandate June 6, 1933.

Rehearing Denied June 30, 1933.

Chas. H. Eyster, of Decatur, and Lange, Simpson & Brantley, of Birmingham, for appellant.

500

Julian Harris and A. J. Harris, both of Decatur, for appellee.

SAMFORD, Justice.

The major questions involved in this appeal have recently been decided by our Supreme Court, and as to all questions there decided this court is bound. For discussion of the questions involved in all these cases, reference is made to So. B. & L. Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21, and So. B. & L. Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

■ Refused charge 22 asserts a proposition of law pertinent to this case and declared in Caffey v. Ala. Mach. & Supply Co., 19 Ala. App. 189, 96 So. 454, 457. In that case we said: "Unless the jury could conclude from the evidence that the fraud was malicious, oppressive, or gross, the representations being made with a knowledge of their falseness (or so recklessly made as to amount to the same thing), and with the purpose of injuring the plaintiff, there could be no recovery of punitive damages." The court in its oral charge, while recognizing the above principle as being the law, did not sufficiently instruct the jury on this point in such fullness as would authorize us to hold that the charge requested is fully covered by the court in its oral charge.

In the instant case it is very evident that the damages awarded by the jury were punitive and that the degree of the fraud practiced by defendant's agent on plaintiff must have entered largely into the consideration given by the jury in fixing the amount of their verdict. The amount of money obtained from plaintiff by defendant's agent by reason of the misrepresentation of the contract for the sale of stock in defendant's company was $200; the verdict was for $1,440; the admitted amount due defendant on its plea of recoupment was $660. So that the amount of punitive damages included in the verdict must have been $2,000. It will thus be seen that it became very important that the jury be explicitly instructed as to the kind of fraud which would warrant a finding of such damages, and the charge requested states the law as clearly as this court knows how to do so. Caffey v. Ala. Mach. & Supply Co., supra.

The appellant insists that the judgment as finally rendered by the court is excessive. Following the rule as laid down in Cobb v. Malone, 92 Ala. 630, 9 So. 738, we cannot say that as finally rendered the judgment is excessive.

Under the facts in this case we are of the opinion that the defendant was not entitled to the general charge in its favor.

■ Defendant's charge 47 was properly refused. There was no evidence that plaintiff ever read, or had an opportunity to read, that part of the card referred to in the charge. The charge was abstract.

■ Defendant's written charge 2 was covered by the court in its oral charge and in other charges given at the request of defendant.

■ Whatever error the court may have committed in its charge as to the proper recovery on defendant's plea of recoupment was corrected later in the charge where he correctly charged: "I charge you gentlemen of the jury, that the plaintiff in this case has brought her action in deceit, and that by so doing, she has elected to affirm the contract between herself and the defendant and that you must give the defendant credit for the full amount due from plaintiff under said contract, towit, $560.00, arriving at what either party owes the other."

■ The plaintiff, over objection and exception of defendant, was allowed to ask Mr. Holmes, husband of plaintiff: "When was the first occasion, that you learned or discovered that the certificate of stock was not of any value?" There was evidence tending to prove that Holmes was the agent for plaintiff and acting for her generally. Notice to him was notice to plaintiff. This differentiates this case from Hughes v. Cartwright, 222 Ala. 4, 130 So. 550.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Southern Building & Loan Association v. Holmes (8 Div. 483) 149 So. 861.