## NORTHSIDE CHEVROLET CO. v. BEEKMAN.

No. 13084.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 25, 1935.

Rehearing Denied March 8, 1935.

L. J. Wardlaw, of Fort Worth, and D. B. Hardeman and R. G. Hughes, both of San Angelo, for appellant.

Otis E. Nelson, of Wichita Falls, for appellee.

BROWN, Justice.

Appellee brought suit in the district court of Montague county against appellant corporation, alleging that he purchased from appellant an automobile, paying therefor $710; that appellant sold the car to him, representing it to be a new car; that such was untrue; that it had a break in the frame which had been welded, and while being used by appellee it broke and dropped.

Appellee asked for his actual damages, and for exemplary damages, using the following language in relation to his claim for exemplary damages: "That each of the defendant's agents, servants and employees who participated in the sale, including the president of the company, knew said representations to be false at the time they were made and knew that said automobile was not in first-class mechanical condition, and likewise knew that it had been used and was not a new car."

He further alleged that the representations were willfully and falsely and fraudulently made to deceive and injure appellee.

Appellant answered by general demurrer and general denial.

The case was tried to a jury, and on the verdict awarding appellee $100 actual damages and $250 exemplary damages, judgment was entered against appellant, and it has appealed, complaining only of the judgment against it for exemplary damages.

While there are nine assignments of error in appellant's brief, it actually presents only propositions to the effect that the evidence does not authorize the submission of the issues bearing upon exemplary damages; that it does not support the verdict on such damages; and does not support the judgment therefor, in that the evidence does not show intentional, willful, wicked intent on the part of appellant, or its agents, to deceive and injure appellee, and does not show that appellant corporation, officially or through any corporate officer, made any false representations, or that the misrepresentations and fraud of its mere agents were previously authorized or ratified by appellant.

The president of appellant corporation testified positively that the automobile was a new car, that he talked with appellee over the telephone about the identical car that was sold, and that it was the same car appellee's wife had looked at prior to the actual sale; and the following appears in the record:

"Q. When you talked to Mr. Beekman over the phone did you tell him you had a brand new sedan that had never been off the floor? A. I told him I had a sedan, a new one.

"Q. Did you tell him you had a new 1931 sedan? A. I told him it was a 1931 new sedan."

The jury found that the car was represented as being new; that such representation was false; that appellee was induced to purchase the auto by the false representation; that the representation was made to injure and to deceive appellee; that it was made willfully; that appellee was entitled to exemplary damages, and awarded $250; that the automobile was worth $610. It was admitted that appellee paid $710 for the automobile.

The evidence is ample to show that it was not in fact a new automobile, and it likewise amply supports the findings of the jury on all issues of fact submitted.

The president of appellant corporation, when making the representations concerning the car, for the purpose of selling it to appellee, was representing the corporation in its corporate capacity, as a corporate officer.

The jury has found that appellee is entitled to exemplary damages because of the

willful deceit practiced upon him to his injury. Chronister Lumber Co. v. Williams (Tex. Com. App.) 288 S. W. 402, and Fort Worth Elevators Co. v. Russell (Tex. Sup.) 70 S.W.(2d) 397.

Finding no error, all assignments of error are overruled, and the judgment of the district court is affirmed.