86 F.2d 238 (1936)
GREENE
v.
KEITHLEY et al.
No. 10558.
Circuit Court of Appeals, Eighth Circuit.
November 10, 1936.
*239 J. M. Fisher, Frederick E. Whitten, Chet A. Keyes, Paul J. Parker, and Fisher, Whitten and Keyes, all of Kansas City, Mo., for appellant.
Before STONE, WOODROUGH, and THOMAS, Circuit Judges.
STONE, Circuit Judge.
This is an action at law against three defendants, for compensatory damages of $1,670 and exemplary damages of $10,000, based upon conspiracy and deceit. The conspiracy alleged was the combination of the defendants "to cheat, wrong and defraud this plaintiff" by making "false, fraudulent and deceitful" statements concerning certain worthless oil properties with the purpose of selling interests therein to plaintiff. The petition alleges such deception of plaintiff and sale to him of such interests for which he paid $1,670, recovery of which with interest is sought. The petition continues as follows: "That because of said conspiracy, combination and agreement, and because said acts and conduct of the defendants herein were willfully, maliciously, fraudulently, deceitfully and intentionally committed by these defendants and each of them, and because said defendants took advantage of the said fraud and deceit practiced upon plaintiff, this plaintiff is entitled to recover of said defendants in addition to said actual damages exemplary damages in the sum of Ten Thousand Dollars ($10,000)."
To this petition a motion to dismiss for lack of jurisdictional amount was filed based upon several grounds which may be summarized as (1) that exemplary damages are not recoverable in this character of action, and (2) that the allegation and prayer for exemplary damages is only colorable and not in good faith. The record contains no evidence as to the second ground which was, apparently, unsupported. The court sustained the motion on the first ground upon the authority of Bank of Arapahoe v. David Bradley & Co., 72 F. 867, a decision of this court. The plaintiff appeals from such order of dismissal.
The question here is whether exemplary damages are recoverable under the allegations of this petition. This question really comprehends two inquiries: (1) Whether, in federal courts, exemplary damages are recoverable in tort actions for conspiracy, deceit, and fraud; and (2), if so recoverable, whether the allegations here are sufficient to warrant such recovery.
It is stated, in the motion to dismiss, that the law of Nebraska does not allow recovery of exemplary damages and that this action is governed thereby. We are not aware of any statute of that state bearing upon this situation. Absent such statute, we need not determine what is the law of Nebraska because the allowance of exemplary damages (absent a governing statute) is a matter of general law which federal courts determine for themselves. Lake Shore & M. S. Ry. Co. v. Prentice, 147 U.S. 101, 106, 13 S.Ct. 261, 37 L.Ed. 97. The long-established rule in federal courts is that, in many kinds of torts, exemplary damages may be recoverable. The Amiable Nancy, 3 Wheat. 546, 558, 559, 4 L.Ed. 456; Day v. Woodworth, 13 How. 363, 371, 14 L.Ed. 181; Philadelphia, etc., Railroad Co. v. Quigley, 21 How. 202, 213, 214, 16 L.Ed. 73; Milwaukee & St. Paul Railway Co. v. Arms, 91 U.S. 489, 493, 495, 23 L.Ed. 374; Missouri Pacific Ry. Co. v. Humes, 115 U.S. 512, 521, 6 S.Ct. 110, 29 L.Ed. 463; Barry v. Edmunds, *240 116 U.S. 550, 562, 563, 564, 6 S. St. 501, 29 L.Ed. 729; Denver & Rio Grande Railway Co. v. Harris, 122 U.S. 597, 609, 610, 7 S.Ct. 1286, 30 L.Ed. 1146; Lake Shore & M. S. Ry. Co. v. Prentice, 147 U.S. 101, 107, 13 S.Ct. 261, 37 L.Ed. 97; Scott v. Donald, 165 U.S. 58, 86, 17 S.Ct. 265, 41 L.Ed. 632. Also, it is clear that if the action is of the character where exemplary damages are so allowable, the amount claimed therefor is included in determining the jurisdictional amount even though the compensatory damages sought are clearly below such jurisdictional amount. Scott v. Donald, 165 U.S. 58, 86, 17 S.Ct. 265, 41 L.Ed. 632; Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729, and see Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111. Also, it is clear that the mere claim for such damages, if in an action where exemplary damages are not recoverable, cannot affect the jurisdictional amount. North American T. & T. Co. v. Morrison, 178 U.S. 262, 267, 20 S.Ct. 869, 44 L.Ed. 1061; Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111. With the above general statements concerning the rules of law in the federal courts as to exemplary damages, we pass to the particular question of whether the case before us is of that character of tort wherein exemplary damages are recoverable.
The trial court determined that this court had decided against such recovery in Bank of Arapahoe v. David Bradley & Co., 72 F. 867. Appellant seeks to avoid such a conclusion by two lines of argument. First, that the petition in the Bradley Case lacked the allegations necessary to warrant recovery of exemplary damages, and, therefore, the decision should not be construed as broadly determining that exemplary damages could never be recovered in torts for deceit or fraud. Second, that if the Bradley decision is to be given the broader scope, yet it is superseded by the later case in this court of Young v. Main, 72 F.(2d) 640.
We think the Bradley Case should be understood as ruling broadly that exemplary damages are not allowable for "loss of personal property by fraudulent representations." 72 F. 867, at page 870. While there is some basis for appellant's contention that the allegations necessary to recovery of exemplary damages were lacking in the Bradley Case, yet this is a very doubtful matter and the language of the opinion shows clearly that the court accepted them as sufficient and ruled the matter as though they were. In the instant case, the trial judge was right in construing the Bradley Case as holding that exemplary damages were not recoverable in actions in tort for fraudulent representations. However, it should be noted that no conspiracy was present in that case.
The second matter urged is the effect upon the Bradley Case of Young v. Main (C.C.A.) 72 F.(2d) 640. The Young Case involved the inclusion of claimed exemplary damages where actual damages were below the jurisdictional amount. The two questions treated therein (72 F.(2d) 640, at page 642) were (1) whether the action was in tort for conspiracy and deceit or was in contract for return of purchase price, and (2), if the latter, whether exemplary damages were recoverable. The court determined the action to be in contract for recovery of purchase price after rescission for fraud. In discussing whether exemplary damages were recoverable in that kind of action, the court (72 F.(2d) 640, at page 643) said:
"The plaintiff claims that the action is in tort for deceit and for damages `in the nature of a writ of conspiracy'; that he may sue an agent in tort as well as a principal; that the contract is void ab initio because in violation of an Iowa statute making it a crime to obtain money or property by false representations; and that he has a right to sue in tort notwithstanding the rescission.
"It is true that exemplary damages may be added to actual damages to make up the federal jurisdictional amount where exemplary damages are permitted to be recovered, Scott v. Donald, 165 U.S. 58, 89, 17 S.Ct. 265, 41 L.Ed. 632; and exemplary damages may be allowed in actions on the case of conspiracy or deceit, Alexander v. Staley, 110 Iowa, 607, 81 N.W. 803; Day v. Woodworth, 13 How. 363, 14 L. Ed. 181; 17 C.J. 977.
"The petition does set up all the elements necessary to support an action in deceit, and, were it not for the allegation that the plaintiff duly rescinded the contract of purchase, the claim of the plaintiff that the action was one in tort would be well founded." (Italics inserted.)
Obviously, the statement that "exemplary damages may be allowed in actions *241 on the case of conspiracy or deceit" is directly contrary to the statement in the Bradley Case that exemplary damages are not recoverable for "the loss of personal property by fraudulent representations."
Although the Bradley Case was neither discussed nor cited in the Young Case, and although the above italicized statement was made concerning a secondary matter, yet it cannot be brushed aside as merely dictum. If not essential to determination of the case, it was highly pertinent to the issues being discussed. If this statement in the Young Case does not supersede the holding in the Bradley Case, at least it throws such doubt upon the Bradley Case and also as to what is the rule of law in this Circuit, that the question must be broadly examined. Therefore, we now consider what should be the rule in this Circuit as to allowance of exemplary damages in tort actions for conspiracy or deceit.
We think the proper rule is that exemplary damages may be recoverable in tort actions based upon conspiracy or deceit. In the leading case of Day v. Woodworth, 13 How. 363, 371, 14 L.Ed. 181, the Supreme Court laid down the rule as follows: "It is a well-established principle of the common law, that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense rather than the measure of compensation to the plaintiff." (Italics inserted.) This rule has not been qualified or limited, but has been followed consistently by the Supreme Court. Scott v. Donald, 165 U.S. 58, 88, 17 S.Ct. 265, 41 L.Ed. 632; Lake Shore & M. S. Ry. Co. v. Prentice, 147 U.S. 101, 107, 13 S.Ct. 261, 37 L.Ed. 97; Denver & Rio Grande Railway Co. v. Harris, 122 U.S. 597, 609, 7 S.Ct. 1286, 30 L.Ed. 1146; Barry v. Edmunds, 116 U.S. 550, 562, 6 S.Ct. 501, 29 L. Ed. 729. Actions in tort based on conspiracy or deceit are within this rule since they are "actions on the case for torts."
To authorize recovery of exemplary damages the tort must be aggravated by "evil motive, actual malice, deliberate violence, or oppression" (Scott v. Donald, 165 U.S. 58, 86, 17 S.Ct. 265, 267, 41 L.Ed. 632); the defendant must have acted "wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations" (Lake Shore & M. S. Ry. Co. v. Prentice, 147 U.S. 101, 107, 13 S.Ct. 261, 263, 37 L. Ed. 97, and see Barry v. Edmunds, 116 U.S. 550, 562-565, 6 S.Ct. 501, 29 L.Ed. 729); "Whenever malice, gross neglect, or oppression has caused or accompanied the commission of the injury" (Missouri Pac. Ry. Co. v. Humes, 115 U.S. 512, 521, 6 S.Ct. 110, 113, 29 L.Ed. 463); where the injury "was done wilfully, or was the result of that reckless indifference to the rights of others which is equivalent to an intentional violation of them" or where there has been "some wilful misconduct, or that entire want of care which would raise the presumption of a conscious indifference to consequences" (Milwaukee & St. Paul Ry. Co. v. Arms, 91 U.S. 489, 493, 495, 23 L.Ed. 374); "whenever the injury complained of has been inflicted maliciously or wantonly, and with circumstances of contumely or indignity" (Philadelphia, Wilmington & Baltimore Railroad Co. v. Quigley, 21 How. 202, 214, 16 L.Ed. 73) or where the injury is "wanton and malicious, or gross and outrageous" (Day v. Woodworth, 13 How. 363, 371, 14 L.Ed. 181). Obviously, there is a variance in the above quoted definitions  such differences are colored by the character of the tort in connection with which the particular language was used. However, all of them have to do with "aggravated misconduct or lawless acts." Day v. Woodworth, 13 How. 363, 371, 14 L.Ed. 181.
Any "actions on the case for torts" covering torts which cannot, in their very nature, be committed with or accompanied by "aggravated misconduct or" lawlessness can, of course, never afford exemplary damages. We do not conceive torts based on conspiracy or on deceit to be of this very exceptional character. Nor have they so appeared to other courts. Exemplary damages have been held proper in a tort for a conspiracy. Robinson v. Van Hooser, 196 F. 620, 625 (C.C.A.6); Duffy v. Frankenberg, 144 Ill.App. 103, 107; Doremus v. Hennessy, 62 Ill.App. 391, affirmed 176 Ill. 608, 52 N.E. 924, 54 N.E. 524, 43 L.R.A. 797, 802, 68 Am.St.Rep. 203; Stoner v. Wilson, 140 Kan. 383, 36 P.(2d) 999; Hildebrant v. Wright, 126 A. 459, 2 N.J.Misc. 1001; Christensen v. Schwartz, 198 Wis. 222, 222 N.W. 231, 223 N.W. 839; Gatzow v. Buening, 106 Wis. 1, 81 N.W. 1003, 49 L.R.A. 475, 80 Am.St.Rep. 1. Exemplary damages in tort actions based on deceit are allowed in many jurisdictions[1] *242 and reputable text-writers approve and state that such is favored by the weight of authority (Smith on Fraud (1907 Ed.) § 290, p. 311; Sutherland on Damages (4th Ed.) §§ 392, 1178; Sedgwick on Damages (9th Ed.) § 367; Bauer on Damages, pp. 391, 392; Eggleston on Damages, § 56; also see "Some phases of the Doctrine of Exemplary Damages", by Dean McCormick, of the University of North Carolina Law School, in 8 N.Car.L. R. (Feb., 1930) pp. 129-151). We conclude that exemplary damages may be recovered in tort actions on the case based on conspiracy or on deceit, provided, of course, a petition contains the necessary averments showing a right to recover such damages in addition to compensatory damages.
This petition alleges defendants "wrongfully, willfully, deceitfully and fraudulently entered into a * * * conspiracy to cheat, wrong and defraud this plaintiff"; that the defendants "for the purpose of carrying out the conspiracy *243 aforesaid, knowingly, willfully, wrongfully and deceitfully" made certain detailed representations to plaintiff; that defendants knew the representations were material "and were false, fraudulent, and deceitful"; that such acts were "willfully, maliciously, fraudulently, deceitfully and intentionally committed." Thus, according to the petition, the intentional injury was the result of a conspiracy to defraud and the acts causing the injury to plaintiff under the conspiracy were "maliciously" done. We construe "maliciously," as here used, as meaning not simply the "doing of an unlawful or injurious act" (Barry v. Edmunds, 116 U.S. 550, 563, 6 S.Ct. 501, 508, 29 L.Ed. 729; Philadelphia, W. & B. R. Co. v. Quigley, 21 How. 202, 214, 16 L.Ed. 73), but as going further and meaning "evil motive, actual malice" (Scott v. Donald, 165 U.S. 58, 86, 17 S.Ct. 265, 267, 41 L.Ed. 632) in the sense of "a spirit of mischief or criminal indifference to civil obligations" (Lake Shore & M. S. Ry. Co. v. Prentice, 147 U.S. 101, 107, 13 S.Ct. 261, 263, 37 L.Ed. 97; Barry v. Edmunds, 116 U.S. 550, 563, 6 S.Ct. 501, 29 L.Ed. 729; Philadelphia, W. & B. R. Co. v. Quigley, 21 How. 202, 214, 16 L.Ed. 73). Such allegations sufficiently plead grounds for exemplary damages. The petition having sufficiently stated grounds for recovery of exemplary damages; exemplary damages being recoverable in this character of tort action and the sum sought as exemplary and compensatory damages being above the jurisdictional amount, the court has jurisdiction of the action.
The case is reversed and remanded, with directions to set aside the order of dismissal, to reinstate the action and to proceed further in accord with this opinion.
NOTES
[1] Alabama: Cartwright v. Hughes, 226 Ala. 464, 147 So. 399; Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387; Southern Bldg. & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Southern Bldg. & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Southern Bldg. & Loan Ass'n v. Holmes, 25 Ala.App. 499, 149 So. 859 and Id., 227 Ala. 1, 149 So. 861; Caffey v. Ala. M. & S. Co., 19 Ala.App. 189, 96 So. 454, certiorari denied Ex parte Alabama Machinery & Supply Co., 209 Ala. 466, 96 So. 459, affirmed Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509. Connecticut: Platt v. Brown, 30 Conn. 336; Ives v. Carter, 24 Conn. 392. Illinois: Laughlin v. Hopkinson, 292 Ill. 80, 126 N.E. 591; Christopherson v. Marhoefer, 233 Ill.App. 421, certiorari dismissed 236 Ill.App. xvii; Grace v. Wright & Co., 210 Ill.App. 104; Crane v. Schaefer, 140 Ill.App. 647. Indiana: Sangster v. Prather, 34 Ind. 504; McAroy et al. v. Wright, 25 Ind. 22; Millison v. Hoch, 17 Ind. 227; Mowes v. Robbins, 68 Ind.App. 82, 120 N.E. 51; Kluge v. Ries, 66 Ind. App. 610, 117 N.E. 262; Wheatcraft v. Myers, 57 Ind.App. 371, 107 N.E. 81. Kansas: Roseberry v. Scott, 120 Kan. 575, 576, 244 P. 1063; Cheesman v. Felt, 92 Kan. 688, 142 P. 285. Maryland: Russell v. Stoops, 106 Md. 138, 66 A. 698. Missouri: Finke v. Boyer, 331 Mo. 1242, 56 S.W.(2d) 372; Luikart v. Miller (Mo. Sup.) 48 S.W.(2d) 867; Jones v. West Side Buick Auto Co. (Mo.App.) 93 S.W. (2d) 1083. New York: Kujek v. Goldman, 150 N.Y. 176, 44 N.E. 773, 34 L.R. A. 156, 55 Am.St.Rep. 670. North Dakota: Harmening v. Howland, 25 N.D. 38, 141 N.W. 131. Ohio: Peckham Iron Co. v. Harper, 41 Ohio St. 100. Pennsylvania: Long v. McAllister, 275 Pa. 34, 118 A. 506. Vermont: Nye v. Merriam, 35 Vt. 438.

In many cases, where the action was not based upon deceit or fraud, the courts have used expressions including "fraud" or "deceit" as a ground for exemplary damages. Among these are Brown v. Evans (C.C.Nev.) 17 F. 912, 913, writ of error dismissed 109 U.S. 180, 3 S.Ct. 83, 27 L.Ed. 898; Moyer v. Gordon, 113 Ind. 282, 284, 14 N.E. 476, 477; State ex rel. Scobey v. Stevens, 103 Ind. 55, 58, 2 N.E. 214, 216, 53 Am.Rep. 482; Alexander v. Staley, 110 Iowa, 607, 611, 81 N.W. 803, 804; Stalker v. Drake, 91 Kan. 142, 150, 136 P. 912, 915; Cady v. Case, 45 Kan. 733, 734, 26 P. 448; Baltimore & O. R. Co. v. Boyd, 63 Md. 325, 334; Lewis v. Minn. Inv. Co., 153 Minn. 183, 185, 190 N.W. 70; Heirn v. McCaughan, 32 Miss. 17, 49, 66 Am.Dec. 588; Holmes v. Railroad Co., 94 N.C. 318, 323; Carr v. Toledo Traction Co., 19 Ohio Cir.Ct. R. 281, 284; Cox v. Crumley, 5 Lea (Tenn.) 529, 533; Byram v. McGuire, 3 Head (Tenn.) 530, 532; Mayer v. Frobe, 40 W.Va. 246, 249, 22 S.E. 58, 59.
In other jurisdictions there are statutes permitting recovery of exemplary damages in conspiracy or deceit cases or in both. We have not attempted an exhaustive investigation as to which states have such statutes, but among such are California, North Dakota, Oklahoma, and Texas. See Thompson v. Modern School of B. & C., 183 Cal. 112, 190 P. 451; Dorsey v. Manlove, 14 Cal. 553; Wuest v. Richmond, 48 N.D. 1081, 188 N.W. 573; Powell v. Spence, 169 Okl. 63, 35 P.(2d) 925; Blasdel v. Gower, 70 Okl. 178, 173 P. 644; Williams v. Baldrey, 52 Okl. 126, 152 P. 814; Oliver v. Chapman, 15 Tex. 400; Graham v. Roder, 5 Tex. 141; Bush v. Gaffney (Tex.Civ.App.) 84 S.W. (2d) 759; Northside Chev. Co. v. Beekman (Tex.Civ.App.) 80 S.W.(2d) 1071; Cliett v. King (Tex.Civ.App.) 54 S.W. (2d) 168; Hawthorne v. Walton (Tex. Civ.App.) 30 S.W.(2d) 397; Belt v. McGehee (Tex.Civ.App.) 9 S.W.(2d) 407; Whitehead v. Reiger (Tex.Civ.App.) 282 S.W. 651, affirmed (Tex.Com.App.) 6 S. W.(2d) 745, and Mossop v. Zapp (Tex. Civ.App.) 189 S.W. 979.
In Hobbs v. Smith, 27 Okl. 830, 837, 115 P. 347, 350, 34 L.R.A.(N.S.) 697, it is said that the Oklahoma statute "is in harmony with the common law on this subject."